**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SURESH KUMAR,

Petitioner,

v.

FERETI SEMAIA, ETC., ET AL.,

Respondents.

No. ED CV 26-5050-E

ORDER FOR ENTRY OF JUDGMENT

**INTRODUCTION**

Petitioner, a noncitizen, lived in the United States under immigration supervision for more than two years prior to August 30, 2026. On that date, Immigration and Customs Enforcement ("ICE") re-detained Petitioner without prior or contemporaneous notice or explanation. Petitioner has remained detained ever since.

Petitioner filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on September 1, 2026. Respondents failed to file an Answer within the allotted time.[1]

---

[1] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding General Order 26-05 ("The Court hereby directs Respondents to show cause why the writ of habeas corpus should not be granted").

## FACTUAL BACKGROUND

Petitioner, a native of India, entered the United States in June of 2024. At that time, Petitioner was detained briefly but then was released on supervision under an order of recognizance. Petitioner has abided by all conditions of this supervision. Removal proceedings are ongoing, and there is no final order of removal. On August 30, 2026, agents of ICE re-detained Petitioner without prior or contemporaneous notice or explanation.

## DISCUSSION

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his re-detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025). Numerous District Courts correctly have found that jurisdiction exists to adjudicate aliens' challenges to ICE re-detentions. See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12; Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL

2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews"); Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025) (applying Mathews to find that re-detention of paroled alien without the possibility of re-release violated due process); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025) (applying Mathews to find a likelihood of a due process violation where ICE re-detained without a hearing an alien who had been on immigration supervision); accord Pinchi v. Noem, 2025 WL 3691938, at *30-31; cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated").

Immigration regulations implement and safeguard some of these due process rights. For example, under 8 C.F.R. sections 241.13(i) and 241.4(l), a revocation of supervised release requires that the alien be informed of the basis for revocation and be provided a "prompt" opportunity to present evidence and to explain why revocation is not warranted.

In the present case, Respondents violated these regulations and Petitioner's due process rights. Respondents failed to give Petitioner any prior or contemporaneous

explanation of the specific reason(s) for the (de facto) revocation of supervision and failed to provide Petitioner with a prompt opportunity to present evidence and to explain why revocation is not warranted. See, e.g., Dereck v. Noem, 2026 WL 807618, at *3-4 (E.D. Cal. March 24, 2026), adopted, 2026 WL 926254 (E.D. Cal. Apr. 6, 2026); Acosta v. Warden, 2026 WL 350831, at *4-5 (E.D. Cal. Feb. 9, 2026); Perez-Escobar v. Monez, 2025 WL 2084102, at *2 (D. Mass. July 24, 2025); see also Delkash v. Noem, 2025 WL 2683988, at *5-6 (C.D. Cal. Aug. 25, 2025).

It should go without saying that federal agencies, including ICE, must follow federal law, including federal due process and federal regulations. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954); see also Morton v. Ruiz, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."). Where, as here, fundamental due process rights are implicated, a petitioner need not demonstrate prejudice resulting from the federal agency's violation of law. See, e.g. Martinez v. Noem, 2025 WL 3171738, at *4 (S.D. Cal. Nov. 13, 2025); Phan v. Noem, 2025 WL 2898977 (S.D. Cal. Oct. 10, 2025). As observed in Ghafouri v. Noem, 2025 WL 3085726, at *6 (S.D. Cal. Nov. 4, 2025), "[d]istrict courts across the country, including in the Ninth Circuit, have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered." (citations and quotations omitted); accord, Perez-Escobar v. Moniz, 2025 WL 2084102, at *3 (D. Mass. July 24, 2025). Further, as aptly stated in Ceesay v. Kurzdorfer, 781 F. Supp. 3d at 166, "Everyone - citizen and noncitizen, the innocent and the guilty - is entitled to [the] sacred right [of due process]. . . . [B]ecause ICE did not follow its own regulations in deciding to re-detain [petitioner], his due process rights were violated, and he is entitled to release. And even if that were not so, he still would be released because he was not afforded even the minimal due process that protects everyone - citizens and noncitizens - in the United States."

///

///

The most appropriate remedy for the unjustified violations of Petitioner's federal law rights would be "[t]o return to the status quo - the last uncontested status which preceded the pending controversy," i.e., to order the release of Petitioner on "the same conditions [under which] he was released previously." Garcia v. Andrews, 2025 WL 1927596, at *6 (E.D. Cal. July 14, 2025); see Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *15 (ordering re-release of ICE detainee on conditions previously imposed); accord, Dereck v. Noem, 2026 WL 807618, at *3-4.

## CONCLUSION

For all of the foregoing reasons, it is ordered that: Judgment be entered granting the Petition in part and: (a) ordering Respondents to release Petitioner (A# 226-097-542) from detention immediately, subject to the conditions of Petitioner's previous supervision; and (b) enjoining Respondents from any further re-detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.

LET JUDGMENT BE ENTERED ACCORDINGLY.[2]

DATED: September 15, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[2] Petitioner has not justified any different or additional relief on the present record